IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LARRY LOTT )

v. ) 2005 CA 005794 B

AUDREY J. LEE )

## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT AUDREY LEE

### INSTRUCTIONS

Pursuant to THE D.C. RULES OF PROCEDURE, you are requested to submit answers, under oath, to the following Interrogatories within thirty (30) days after service of these Interrogatories.

(a) Your response should set forth the Interrogatory and its Answer, and "shall answer each interrogatory separately and fully in writing under oath, or shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

(b) Your answer shall include all information available to you or your agents, representatives, or attorneys.

(c) These Interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you obtain further or different information.

(d) If, pursuant to Rule 2-421(c), you elect to specify and produce business records of yours in answer to any Interrogatory, then according to Rule 2-421(c), your specifications "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."

(e) If in answering these Interrogatories, you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

(f) No part of an Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory.

(g) Where an objection is made to any Interrogatory, or any sub-part thereof, the objection shall state with specificity all grounds.

(h) Where a claim of privilege is asserted in objecting to any Interrogatory, or sub-part thereof, and an answer is not provided because of such assertion, you are directed to provide a statement of the basis for the claim of privilege, including specific identification of any state privilege rule or statute being invoked.

## DEFINITIONS

As used in these Interrogatories, the following terms are to be interpreted according to these definitions:

(a) The term "**person**" includes any individual, trust, estate, unincorporated association or society, partnership, municipal or other corporation, the State, its agencies or political subdivision, any court, or any other governmental entity, and including all predecessors and successors in interest.

(b) The terms "**you**" and "**your**" include the person(s) to whom these Interrogatories are addressed, and all that person's agents, employees, representatives, attorneys, family members and all other persons or entities acting on that person's behalf or under his/her control.

(c) The terms "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make each interrogatory inclusive rather than exclusive.

(d) The terms "**include(s)**" and "**including**" shall be construed to mean "without limitation."

(e) The terms "**document**" or "**documents**" includes all writings, letters, memoranda, agreements, contracts, invoices, bills, receipts, checks, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, into reasonable form.

(f) The terms "**identify**", **identity**", or "**identification**", when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, present employment, business affiliation, and relation, if any, to you. When used in reference to a person other than a natural person, the terms "**identify**", "**identity**", or "**identification**", require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business. Once any person has been identified properly, it shall be sufficient after that, when identifying that same person, to state the name only. When used in reference to a document, the term "**identify**," "**identity**", or "**identification**,"

means to set forth its title and subject matter, date, author, designated and actual recipients, type of document (e.g., letter, memorandum), number of pages, and the identity (as outlined above) of its present or last known custodian.

(g) As used in these interrogatories, the terms "**communication**" or "**communications**" shall be deemed to include any transmission of documents, conversations, discussions, meetings, negotiations, or any other oral or written exchange arising out of or concerning the subject matter addressed, whether with representatives or third persons.

## INTERROGATORIES

1. Set forth in complete detail all facts, and identify all documents supporting your contention that Plaintiff Larry Lott was contributorily negligent.

2. Were you the driver of a motor vehicle involved in a car collision on August 23, 2003 in Washington, D.C. on Lanier Street?

3. Set forth your height and weight as of the date of the accident that is the subject of this lawsuit.

4. Identify the owner of the vehicle that you were operating at the time of the accident that is the subject of this lawsuit.

5. Identify each person having personal knowledge of the facts material to this case including their relationship to you, if any.

6. If you have within your control photographs, plats, diagrams of the scene, objects, or persons connected with the occurrence, and/or videotapes regarding any element of Plaintiff's claims, set forth a description of same and describe the contents of any photographs, videotapes, or the like, the dates created, and the identity of the person or persons creating them; and attach a copy to your answers to interrogatories.

7. Identify any eyewitnesses to all or part of the occurrence, including, but not limited to the identity of other persons in your vehicle.

8. Give a complete statement of the facts as to how you contend that the occurrence took place including the exact location of the occurrence and the direction in which all operators were proceeding.

9. If a report with respect to the occurrence was made in the ordinary course of business, state the date of the report and identify the person who made the report and the report's custodian.

10. Identify all persons who have given you statements that relate in any way to this case.

11. State in complete detail your activities on the day of the accident from the time that you woke up in the morning until the time two hours after the accident.

12. If you contend that any other person, whether or not a party to this action, acted in such manner as to cause or contribute to the occurrence, give a complete statement of the facts upon which you rely.

13. If you consumed any alcoholic beverage, drugs (prescriptive or otherwise), and/or medication within the 24 hour period immediately before the collision, or if you were required to take any medication within the twelve hour period immediately before the collision, state the nature thereof, the purpose therefore, the name and address of the doctor who prescribed the medication, if any, the dosage prescribed, the amount taken or was to be taken within such period. As to alcohol, the amount consumed, when and where consumed, and identify all persons present during said consumption.

14. If you contend that any medical bill, hospital bill, medication bill or any other bill Plaintiff is claiming as a result of this incident, was not incurred as a result of the collision that underlies this claim, give a complete statement of facts upon which you rely for this contention, and itemize, as to each bill presented by Plaintiff, the portions that you contend are not related to, or were not incurred as a result of the collision.

15. If you were working at the time of the collision, identify your employer including the name of your supervisor.

16. Identify each and every statement, whether oral or written, made by the Plaintiff regarding this accident; including in your answer the complete contents of any such statement.

17. If you were charged with any offenses arising out of the occurrence, state the nature of the charges, the court and case number, and the disposition of the charges.

18. State the substance of all discussions concerning the occurrence that you or others in your presence had with any party to this case. State when and where each discussion took place and identify all persons who were present.

19. State whether at any time during the fifteen year period preceding the date of your answers to these interrogatories, you have been convicted of any crime other than a minor traffic offense. If so, for each conviction identify the court in which you were convicted and state the amount of any fine and the date and length of any incarceration imposed. For purposes of this interrogatory, a conviction includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.

4

20. Identify the existence and contents of all insurance agreements under which any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered against you in this action or to indemnify or reimburse you for payments made to satisfy the judgment, specifically including in your answer the amounts of insurance coverage available to pay any judgment that might be entered against you in this action.

21. If it is your contention that Plaintiff's injuries were not caused by the collision described in the Complaint, state the basis for these contentions.

22. At any time prior to the alleged occurrence, had your driver's license been revoked, suspended, withdrawn or restricted in any way by any licensing authorities?

23. Please state the route that you were driving at the time of this incident.

24. Identify each expert witness that you will call as a witness in this litigation. State in complete detail the substance of what each expert will testify to including each and every opinion each expert will give; and the facts underlying each such opinion, and identify all documents that your expert will rely upon.

25. Describe in detail any property damage to your vehicle as a result of this collision.

26. Describe in complete detail any property damage that you observed to the vehicle Mr. Lott was in on the date of the collision.

27. Describe in complete detail any physical injuries that you received in this collision.

28. Did you make a claim for personal injury protection (PIP) benefits or Medpay benefits as a result of the collision?

29. What hospital were you taken to after this accident?

30. Set forth in complete detail your recollection of what you told the investigating police officer regarding how this collision occurred.

31. Identify each person in the car with you at the time of the crash.

32. What were you doing in Washington, D.C. on the date of the accident?

33. If you gave a statement to your insurance company regarding this accident prior to suit being filed against you, set forth the date that the statement was given, the person who took the statement, and whether it was recorded. Also, please attach a copy of the statement to your answers.

Respectfully Submitted,

GOLDBERG & FINNEGAN, LLC

Kevin Goldberg
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
301-589-2999
Attorney for Plaintiff

**SERVED WITH SUMMONS AND COMPLAINT**