IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY LOTT,                              *

      Plaintiff,                     *

    v.                                 *        Civil Action No.:  05-1901 (EGS)

AUDREY J. LEE,                           *

      Defendant.                     *

*    *    *    *    *    *    *    *    *    *    *    *

## JOINT RULE 16.3 REPORT

The Parties hereby submit their Joint Rule 16.3 Report:

(1)    Whether the case is likely to be disposed of by dispositive motion and whether, if a dispositive motion has already been filed, the Parties should recommend to the Court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending.  Defendant does not anticipate filing a dispositive motion.  Plaintiff reserves the right to file a dispositive motion on the issue of liability.

(2)    The date by which any other Parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The Parties agree that the issues may be narrowed following discovery and that motions to join and amend should be filed by February 15, 2006.

(3)    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

At this time the Parties do not consent to assignment to a magistrate judge, except for the purposes of mediation in the event the Parties conduct mediation.

(4)    Whether there is a realistic possibility of settling the case.

Both Parties are always willing to consider in good faith any reasonable offer of settlement.  The Parties do believe that there is a potential that the case can settle after some discovery.

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The Parties anticipate mediation may be worthwhile as discovery advances.

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Plaintiff may file a dispositive motion on the issue of liability.  The Parties agree that dispositive motions should be filed not later than 45 days following the close of discovery; oppositions thereto should be due 30 days thereafter, and replies should be due 30 days after filing of oppositions.

(7)    Whether the Parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The Parties have stipulated that it is not necessary to provide Rule 26(a)(1) disclosures, since both sides have already propounded discovery requests that encompass disclosures that would be made pursuant to that Rule.  As respects experts, the Parties have also already stipulated that Rule 26(a)(2) disclosures need not be made.

(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The Parties anticipate needing discovery on liability and damages. The Parties propose 180 days for Discovery beginning January 3, 2006, followed by the motion schedule proposed in ¶6. The Parties agree to 25 interrogatories per side and 10 depositions per side. The Parties anticipate that protective order(s) may be required for information covered by the Privacy Act.

(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The Parties may use experts, but have agreed to waive the disclosures set forth in Rule 26(a)(2) except as set forth herein. The Parties do anticipate that each of their respective experts will be made available for deposition. The Parties propose that the Plaintiff names experts by April 3, 2006 and that Defendant names experts on or before May 20, 2006.

(10)    In class actions, appropriate procedures.

Not applicable.

(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The Parties do not anticipate the need for a bifurcated trial or managing in stages in this case.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The Parties propose that the date for the pretrial conference be set following the close of discovery and any resolution of dispositive motions.

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The Parties propose that the trial date be set at the pretrial conference.

(14)    Such other matters that the Parties believe may be appropriate for inclusion in a scheduling order.

The Parties are not aware of any additional matters.

(15)    Statements of the Case:

**PLAINTIFF:**

The Plaintiff claims that on August 23, 2003 the Defendant negligently caused her motor vehicle to strike the vehicle that Plaintiff was a passenger in.  As a result, the Plaintiff has permanent injuries.

**DEFENDANT:**

The accident at issue occurred on August 23, 2003.  Mr. Lott was a passenger in a vehicle driven by Edward Allen at or near Lanier Street in Washington, D.C.  The vehicle in which the Plaintiff was a passenger came to a stop at a stop sign and Defendant came to a stop behind. Then, the vehicle in front of this Defendant and in which Plaintiff was a passenger proceeded into the next block.  After coming to a stop at the stop sign, so did Defendant.  Suddenly and without warning, the vehicle in which Plaintiff was a passenger came to an abrupt stop at an unmarked speed bump.  At approximately 15 miles per hour, this Defendant collided into the rear of Plaintiff's vehicle.

The issues presented from Defendant's perspective are:

(1)     Whether the Defendant was negligent;

(2)     Whether the operator of the vehicle in which Plaintiff was a passenger contributed

or caused the accident;

(3)     Whether the Plaintiff was injured; and

(4)     The relatedness and reasonableness of past and future treatment.

Respectfully submitted,


_____/s/_____          _____/s/_____
Kevin I. Goldberg                      Thomas V. McCarron, #465948
Goldberg & Finnegan, LLC               Semmes, Bowen & Semmes
1010 Wayne Avenue, Suite 950           250 West Pratt Street, 16th Floor
Silver Spring, Maryland  20910         Baltimore, Maryland  21201
(310) 589-2999                         (410) 539-5040

*Attorneys for Plaintiff*              *Attorneys for Defendant*


B0575492.DOC: 772-144